The Full Commission has reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II, and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Upon reconsideration of the evidence of record, the Full Commission reverses the Deputy Commissioner's Order and enters the following Opinion and Order.
**********
This issue determined at the hearing before Deputy Commissioner Glenn was whether or not plaintiff was an employee of defendant M. Durwood Associates. The parties were instructed not to submit additional medical evidence on the issue of compensability until the Deputy Commissioner determined this initial issue.
Prior to the hearing on 27 March 1996, the parties entered into a Pre-Trial Agreement, which included stipulated medical records which is incorporated by reference as though fully set out herein.
**********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On 8 July 1994, plaintiff was working on the premises of Weatherstone Apartments in Fayetteville, North Carolina, when she injured her back.
2. Weatherstone Apartments is owned by a partnership known as Weatherstone and Associates, one of the defendants in this matter. Mr. M. Durwood Stephenson was a general partner of Weatherstone and Associates.
3. Weatherstone and Associates employed M. Durwood Stephenson and Associates, another defendant in this matter, to manage the apartments and keep them in good repair.
4. Plaintiff was initially approached about working at Weatherstone Apartments by Ms. Anne Carey, who managed the apartment complex, and was an employee of M. Durwood Stephenson and Associates. At that time, plaintiff was also a resident of the Weatherstone Apartment Complex, but has since moved into her own home. Plaintiff continued to perform work at the apartment complex following her change of residences.
5. Plaintiff's initial duties at Weatherstone Apartments involved painting and cleaning at the complex. With her painting duties, plaintiff primarily painted vacated apartments, but also painted the complex's swimming pool. Plaintiff's cleaning duties included the cleaning of carpets and the bathrooms at the manager's office.
6. Plaintiff's painting and cleaning duties were supervised and controlled by the apartment manager who instructed plaintiff about what needed to be done and how to do it. When assigned to paint an apartment, plaintiff was instructed which apartment to paint and when the work must be completed. Upon completion of a painting job, plaintiff's work would be inspected, and if found to be unsatisfactory, plaintiff was required to redo the apartment. Through its manager, the apartment complex paid for all of the paint and other materials used by plaintiff, although she did pay up front for some materials as needed.
7. Eventually, plaintiff's duties at the apartment complex expanded. She was assigned other tasks, such as showing apartments to prospective tenants and working in the office of the apartment manager. Plaintiff had a full set of keys to all of the apartments and other buildings at the complex and was often called by tenants who had lost their keys to come let them into their apartments.
8. In order to receive payment for her work, plaintiff was required to fill out a form generated and maintained by M. Durwood Stephenson and Associates. This form was designated as a "Sub-Contractor Sheet" and plaintiff was required to specify the work she did, the amount of payment requested and the amount of hours she had worked.
During his testimony at the hearing, Mr. M. Durwood Stephenson testified that he considered plaintiff to be a sub-contractor during the time she worked at Weatherstone Apartments. However, prior to her work at Weatherstone Apartments, plaintiff had never worked in or owned any business that involved cleaning or painting and had never worked as a sub-contractor performing these types of duties.
9. For her painting work at Weatherstone Apartments, plaintiff was paid by the job. As for her other duties, plaintiff was paid on an hourly basis. Checks received by plaintiff for her work were from an account designated "Weatherstone Apartments," which had a rental account at a local bank. These checks were written and maintained by M. Durwood Stephenson and Associates as the general contractor in charge of maintaining the apartments which, as found above, were owned by Weatherstone and Associates, a partnership of which M. Durwood Stephenson was a general partner. The checks received by plaintiff for her work were signed by Ms. Vicky Stephenson, an employee of M. Durwood and Associates.
10. Defendant M. Durwood Stephenson and Associates hired plaintiff to perform work at Weatherstone Apartments. This defendant controlled and directed the manner in which the details of plaintiff's work was performed. In the performing of her duties, plaintiff retained no authority to hire additional workers to assist her.
11. During the period of her work at Weatherstone Apartments, plaintiff served at the will of defendant M. Durwood Stephenson and Associates. In fact, when Ms. Lori Buck was hired as the new apartment manager, plaintiff was fired from her position.
12. M. Durwood Stephenson and Associates had three or more employees at all relevant times herein.
13. During the relevant times herein, plaintiff was an employee of defendant M. Durwood Stephenson and Associates, and was not an independent contractor.
**********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Defendant M. Durwood Stephenson and Associates employed three or more employees at all relevant times herein, and thus was subject to and bound by the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2 et. seq.
2. During the relevant times herein, plaintiff was an employee of defendant M. Durwood Stephenson and Associates, and was not an independent contractor.
G.S. § 97-2(2).
**********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
ORDER
1. Based upon the Full Commission's findings of fact and conclusions of law which establish that plaintiff was an employee of defendant M. Durwood Stephenson and Associates, this matter is hereby REMANDED to a Deputy Commissioner for the determination of whether or not plaintiff has sustained a compensable injury, and if so, to what benefits she may be entitled.
2. Defendant M. Durwood Stephenson and Associates shall pay the costs.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ COY M. VANCE COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER